UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLIFF R. MAYNARD,

                Petitioner,

v.

STATE OF WASHINGTON,

                Respondent.

Case No. C19-6184-RBL-TLF

ORDER TO SHOW CAUSE

Petitioner Cliff R. Maynard, who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. 6. Petitioner challenges his July 18, 2018, conviction and sentence for four counts of Possession of Depictions of a Minor. *Id*. The petition has not been served on respondent.

Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition when it is filed, and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

The Court concludes that petitioner's federal habeas petition—on its face—is subject to dismissal due to a failure to exhaust state court remedies. Petitioner states he has not appealed his judgment and sentence. Dkt. 6, at 1-5. Petitioner indicates that he does not intend to bring his claims to the state courts—state courts would never have the opportunity to consider the habeas claims raised in his federal petition—asserting that the state courts lack jurisdiction over issues that are raised under the United States

ORDER TO SHOW CAUSE - 1

Constitution.[1] Dkt. 6, at 5-12. However, the exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1)[2].

Furthermore, because it appears to have been more than a year since petitioner's conviction became final, petitioner's habeas claims may now be procedurally defaulted in the Washington state courts, and if he attempts to present them in a state court challenge at this time, the claims would be denied. Petitioner's habeas claims also appear to be barred by the one-year federal statute of limitations. The Court therefore orders the petitioner to show cause why the Court should not dismiss this federal habeas corpus petition as unexhausted, procedurally defaulted, and as barred by the federal statute of limitations.

## DISCUSSION

A state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971)

---

[1] The Court notes that in the box labeled item 13(a) of the petition the petitioner checked "yes" in response to the question of whether all grounds for relief raised in the petition have been presented to the highest state court having jurisdiction. Dkt. 6, at 5. The Court interprets this as a typographical or scrivenor's error, because petitioner makes clear in his explanation to the question that "**no grounds herein have been raised at the state level**, as the state has no jurisdictional authority over federal constitutional matters." *Id.* (emphasis added).

[2] 28 U.S.C. §2254 (b)(1) provides, in relevant part: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State[.]"

ORDER TO SHOW CAUSE - 2

(emphasis added). This is appropriate, because "state courts, like federal courts, are obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To exhaust their federal claims, a would-be habeas petitioner must finish "one complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *Id.*, 845.

A federal court must dismiss a federal habeas corpus petition if its claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua sponte* authority to examine the question of exhaustion at this stage of review. *Campbell v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state remedies have been exhausted even if the state does not raise the issue").

Petitioner must raise the grounds for relief contained in his habeas petition to the Washington Court of Appeals and Washington Supreme Court. Petitioner contends he has not presented his grounds for relief to the state courts because the state courts lack the "jurisdictional authority to decide on United States Constitution matters, which are outside [its] jurisdictional or statutory governing limits." Dkt. 6, at 5-12. This argument fails, because 28 U.S.C. § 2254(b)(1) recognizes the jurisdiction of state courts to adjudicate constitutional issues. Federal habeas relief is available to address where the state court's adjudication was "contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

As the petition states, petitioner has not properly exhausted his claims for relief in the state courts. Petitioner acknowledges he has not presented the claims raised in his

petition to the highest state court and thus it would appear his petition is not eligible for federal habeas review. Dkt. 6, at 1-15.

In addition, because it appears to have been more than one year since the judgment and sentence became final, it appears that petitioner's habeas claims may be procedurally defaulted in the State of Washington and if he attempts to present them in a state court challenge at this time, his claims would be denied. Under RCW 10.73.090, a post-conviction petition is barred as to any collateral challenges filed after the judgment and sentence becomes final and the one-year statute of limitations runs. Thus, petitioner's claims would not be cognizable in federal court and must be dismissed absent a showing of cause and prejudice or actual innocence.

Unless it would result in a "fundamental miscarriage of justice," a petitioner who procedurally defaults may receive review of the defaulted claims only if he demonstrates "cause" for his procedural default and "actual prejudice" stemming from the alleged errors. *Coleman v. Thompson*, 501 U.S. at 750. The petitioner must show an objective factor actually caused the failure to properly exhaust a claim. Interference by state officials, the unavailability of the legal or factual basis for a claim, or constitutionally ineffective assistance of counsel may constitute cause. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner's own inadequacies are not sufficient cause to excuse a procedural default. *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 907-09 (9th Cir. 1986); *Thomas v. Lewis*, 945 F.2d 1119 (9th Cir. 1991).

"[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Wood v.*

*Hall*, 130 F.3d 373, 379 (9th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. at 496). "To meet this manifest injustice exception, [the petitioner] must demonstrate more than that 'a reasonable doubt exists in the light of the new evidence.'" *Wood*, 130 F.3d at 379 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. "[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citation omitted).

Therefore, to overcome a procedural default, petitioner must demonstrate cause (such as an objective external factor outside his control that excused his procedural default) and prejudice (an error of constitutional proportions that infected his whole trial), or evidence of actual innocence. If he cannot do so, his federal claims are not cognizable in this Court and are subject to dismissal with prejudice.

It also appears petitioner's claims may be barred by the federal statute of limitations. When untimeliness is obvious on the face of a habeas petition, the district court has the authority to raise the statute of limitations *sua sponte* and to dismiss the petition on that ground. *Herbst v. Cook*, 260 F.3d 1039, 1042 (9th Cir. 2001). However, "that authority should only be exercised after the court provides the petitioner with adequate notice and an opportunity to respond." *Id.* at 1043; *see also Day v. McDonough*, 547 U.S. 198, 210, 126 S. Ct. 1675, 164 L.Ed.2d 376 (2006).

Under 28 U.S.C. § 2244(d)(1)(A), habeas corpus petitions by persons imprisoned under a state court judgment are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run

from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Section 2254 habeas corpus petitions filed by persons imprisoned under a state court judgment are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The limitation period may run from a later date under the following circumstances. First it may run from the date on which the impediment to filing an application created by State action in violation of the Constitution of laws of the United States is removed, if the applicant was prevented from filing by such State action; second it may run from the date on which the United State Supreme Court recognizes a new constitutional right that the Supreme Court makes retroactive to cases on collateral review; and third it may run from the date the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(B), (C) and (D). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

Here, petitioner indicates he pled guilty and was sentenced on July 18, 2018. Petitioner indicates he did not appeal and, therefore, it appears that more than a year has passed from when his conviction became final to when he filed his petition on December 3, 2019. *See* 28 U.S.C. § 2244(d)(2) and Washington Rule of Appellate Procedure (Wash. RAP) 5.2(a). Petitioner also indicates he has not filed any application for State post-conviction or other collateral review pertaining to his judgment and sentence. The petition presents no facts that would indicate a basis for statutory tolling, or delayed accrual, under 28 U.S.C. § 2244(d)(1) or (2).

ORDER TO SHOW CAUSE - 6

The Court also notes the statute of limitations governing federal habeas petitions is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631 (2010). But a habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." *Luna v. Kernan*, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891–92 (9th Cir. 2014). An "extraordinary circumstance" has been defined as an external force that is beyond the inmate's control. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (citations omitted).

A showing of actual innocence may also satisfy the requirements for equitable tolling. *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc); *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). "[W]here an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the *Schlup v. Delo*, 513 U.S. 298 (1995), gateway and have his constitutional claims heard on the merits." *Lee*, 653 F.3d at 937; *accord, McQuiggin*, 133 S.Ct. at 1928. To make a credible claim of actual innocence, petitioner must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

The petition presents no facts that would establish a basis for equitable tolling. Accordingly, petitioner should also show cause why his claims should not be dismissed as barred by the statute of limitations which, on the face of the petition, appears to have expired.

## ORDER

Based on the foregoing discussion, the Court finds that this petition appears to be unexhausted, procedurally defaulted and barred by the statute of limitations. The Court **orders the petitioner to show cause** in writing why the petition should not be dismissed on this basis. Petitioner must show cause by **March 30, 2020**. The failure to file a timely response or to adequately respond to the issues raised herein may result in the dismissal of this matter with prejudice. The Clerk is directed to provide copies of this order to petitioner.

Dated this 28th day of February, 2020.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 8