UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLIFF R. MAYNARD,

              Petitioner,

v.

STATE OF WASHINGTON,

              Respondent.

Case No. C19-6184-RBL-TLF

REPORT AND RECOMMENDATION

Noted for   June 5, 2020

Petitioner, Cliff R. Maynard, proceeds *pro se*, in this federal habeas corpus action brought pursuant to 28 U.S.C. § 2254. Dkt. 6. The petition has not been served on the respondent. By order dated February 28, 2020, the Court directed petitioner to show cause why his petition should not be dismissed as unexhausted and as potentially procedurally defaulted and barred by the federal statute of limitations. Dkt. 7. Petitioner filed a response to the Order to Show Cause. Dkt. 8. In his response petitioner also requests that respondent be directed to provide the "Bill of Indictment by Grand Jury." Dkt. 8, at 17.

For the reasons below, the Court should dismiss the federal habeas petition without prejudice as unexhausted. The Court should deny petitioner's request for a "Bill of Indictment by Grand Jury" as moot. Also, for the reasons set forth below, the Court should deny issuance of a certificate of appealability (COA).

BACKGROUND

Petitioner challenges his July 18, 2018, conviction and sentence for four counts of Possession of Depictions of a Minor in Cowlitz County Superior Court. Dkt. 6. Petitioner seeks release from incarceration on the grounds that he is "illegally and unlawfully imprisoned as a result of the abrogation of my federally conferred

Constitutional rights by the State of Washington and its willful defiance of the established procedures and processes set forth by the U.S. Constitution." *Id.*, at 5-12. Petitioner contends his federal constitutional rights were violated because he was not charged in the state court by Grand Jury Indictment as required by the Fifth Amendment. *Id.*

By order dated February 28, 2020, petitioner was given an opportunity to show cause why his petition should not be dismissed as unexhausted and as potentially procedurally defaulted and barred by the federal statute of limitations. Dkt. 7. Petitioner subsequently filed a response to the Order to Show Cause. Dkt. 8. Petitioner does not dispute that he has not presented the claims raised in his petition to the highest state court, but he argues the Court should, nevertheless, consider his claims. *Id.*

## DISCUSSION

Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition when it is filed, and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

**A.    Exhaustion**

Petitioner states in his petition that he has brought no appeals and no post-conviction proceedings in state court with respect to the grounds raised in this federal habeas petition. Dkt. 6, at 5-12. Petitioner indicates that he does not intend to bring his claims to the state courts—state courts would never have the opportunity to consider the habeas claims raised in his federal petition—asserting that the state courts lack jurisdiction over issues that are raised under the United States Constitution. *Id.*[1]

---

[1] The Court notes that in the box labeled item 13(a) of the petition the petitioner checked "yes" in response to the question of whether all grounds for relief raised in the petition have been presented to the

REPORT AND RECOMMENDATION - 2

However, the exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1).[2]

A state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (emphasis added). This is appropriate, because "state courts, like federal courts, are obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To properly exhaust their federal claims, a would-be habeas petitioner must finish "one complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *Id.*, at 845.

A federal court must dismiss a federal habeas corpus petition if its claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua sponte* authority to examine the question of exhaustion at this stage of review. *Campbell*

---

highest state court having jurisdiction. Dkt. 6, at 12. The Court interprets this as a typographical or scrivenor's error. This interpretation is reasonable because the remainder of the petition clearly and unambiguously states that *none* of the grounds raised in the petition have been raised on direct appeal or in a state post-conviction proceeding because petitioner believes the state courts lack jurisdiction over issues that are raised under the United States Constitution. *Id.*, at 5-12. Petitioner was alerted to this issue and given an opportunity to show cause why the petition should not be dismissed for failure to exhaust his state court remedies.

[2] 28 U.S.C. §2254 (b)(1) provides, in relevant part: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
 (A) the applicant has exhausted the remedies available in the courts of the State; or
 (B) (i) there is an absence of available State corrective process; or
    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

REPORT AND RECOMMENDATION - 3

*v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state remedies have been exhausted even if the state does not raise the issue").

Petitioner must raise the grounds for relief contained in his habeas petition to the Washington Court of Appeals and Washington Supreme Court. Petitioner contends he has not presented his grounds for relief to the state courts because the state courts lack the "jurisdictional authority to decide on United States Constitution matters, which are outside [its] jurisdictional or statutory governing limits." Dkt. 6, at 5-12. However, this argument fails because 28 U.S.C. § 2254(d)(1) recognizes the jurisdiction of state courts to adjudicate whether the federal constitutional rights of a state criminal defendant were violated. Federal habeas corpus relief is available to address where the state court's adjudication was "contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As the petition states, petitioner has not presented his claims for relief to the highest state court.

In his response to the Court's Order to Show Cause, petitioner appears to argue the Court has jurisdiction over his unexhausted claims pursuant to 28 U.S.C. § 1343.[3] Dkt. 8. Petitioner acknowledges that he has submitted a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and that he is challenging his state court judgment of conviction pursuant to which he is "illegally and unlawfully imprisoned." Dkt. 6. "[W]hen a prisoner is in custody pursuant to a state court judgment, § 2254 constitutes his only habeas

---

[3] 28 U.S.C. § 1343 confers original jurisdiction on the district court to "redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States...." 28 U.S.C. § 1343.) But a civil rights action under 28 U.S.C. § 1343 "cannot be used by a state prisoner to circumvent the" exhaustion requirement of 28 U.S.C. § 2254. *Smartt v. Avery,* 411 F.2d 408, 409 (6th Cir. 1969); *accord Ney v. State of Cal.*, 439 F.2d 1285, 1286 (9th Cir. 1971); *Fisher v. Planet*, No. LA CV 14-04450-VBF, 2014 WL 4664510, at *1 (C.D. Cal. Sept. 18, 2014).

REPORT AND RECOMMENDATION - 4

remedy for any challenge to his detention, regardless of the nature of such a challenge." *Krause v. Stewart*, No. C19-1421-MJP, 2019 WL 6732015, at *2 (W.D. Wash. Sept. 13, 2019), *report and recommendation adopted*, No. C19-1421 MJP, 2019 WL 6728740 (W.D. Wash. Dec. 11, 2019); *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004) (holding § 2254 was a state prisoner's exclusive remedy when he sought to challenge his transfer from a state prison to a privately-run prison in another state). Accordingly, petitioner's arguments do not provide a basis for avoiding the exhaustion requirement for petitioner's 2254 habeas petition.

Petitioner also argues that effective state remedies are unavailable to him because the state has enacted a constitution which conflicts with the federal constitution and, therefore, presentation of his claims to the state court would be futile. *See* Dkt. 8. However, state courts are "equally bound to guard and protect rights secured by the [federal] Constitution," *Ex parte Royall*, 117 U.S. 241, 251 (1886); *Duckworth v. Serrano*, 454 U.S. 1, 3–4 (1981). Petitioner's argument does not demonstrate the absence of effective state court remedies but, rather, simply reflects petitioner's speculation that the state court would be unsympathetic to his claims. But even if the petitioner believes it would be futile to argue his Constitutional claims to the state courts because he does not believe he would be successful, "the apparent futility of presenting claims to state courts does not constitute cause of procedural default." *Roberts v. Arave*, 847 F.2d 528, 530 (9th Cir. 1988); *see Engle v. Isaac*, 456 U.S. 107, 130, 102 S. Ct. 1558, 1573, 71 L. Ed. 2d 783 (1982) (Rejecting habeas petitioner's argument that exhaustion of state remedies would have been futile and explaining "[i]f a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he

may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid.").

Petitioner also relies on RCW 7.36.010, RCW 7.36.020 and various cases discussing those statutes; seemingly he is trying to support his argument that he is not required to exhaust state court remedies prior to bringing a federal habeas corpus petition. Yet RCW 7.36.010 and RCW 7.36.020 govern habeas corpus proceedings in state court -- not federal habeas corpus proceedings brought pursuant to 28 U.S.C. § 2254. Petitioner's citations to this statute and case law do not support his arguments.[4]

Petitioner acknowledges he has not presented the claims raised in his petition to the highest state court.[5] [6] Dkt. 3, at 5-12; *see Ha Van Nguyen v. Curry*, 736 F.3d 1287,

---

[4] Petitioner also argues state remedies are not available to him because "the state no longer accepts state form 46 for state writs of habeas corpus." Dkt. 8, at 11. It is unclear exactly what petitioner means by this conclusory assertion and he offers no detail. Petitioner does not allege he attempted to file a state writ of habeas corpus and was unable to do so nor does he argue he was unable to pursue the state remedies of direct appeal or a personal restraint petition with respect to his claims. *See* Wash. R. App. P. 16.4. Accordingly, this argument fails to excuse petitioner from the requirement that he exhaust state court remedies prior to filing his 28 U.S.C. § 2254 habeas petition.

[5] The Court notes that several similar petitions by different petitioners presenting the same grounds for relief and offering the same explanation for failure to exhaust state judicial remedies have been considered and dismissed by this court prior to service, pursuant to Rule 4, based on petitioner's failure to exhaust state judicial remedies. *See, e.g., Duchow v. State of Washington*, Case No. 19-cv-687-RSL-MAT (W.D. Wash., June 14, 2019) (dismissal without prejudice for failure to exhaust state court remedies); *Wamba v. State of Washington*, Case No. 19-cv-661-TSZ-MAT (W.D. Wash., June 13, 2019) (dismissal without prejudice for failure to exhaust state court remedies); *Domingo v. State of Washington*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen v. State of Washington*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina v. State of Washington*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit).

[6] The Court also notes that it appears that petitioner's substantive constitutional claims also lacks merit as it has long been settled that there is no denial of Federal Constitutional rights involved in the substitution of the prosecuting attorney's criminal information for the grand jury's indictment. *Hurtado v. People of State of California*, 110 U.S. 516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal information). This rule has been specifically applied to Washington's state practice of prosecution

1296 (9th Cir. 2013) (citing *King v. Ryan,* 564 F.3d 1133, 1142 (9th Cir. 2009)) ("To be properly filed, a claim must have been exhausted at the time of filing."). Accordingly, the Court recommends that the petition be dismissed without prejudice as unexhausted.

**B.      Procedural Default and Federal Statute of Limitations**

Petitioner was also advised that, based on the representations in his petition it appeared that more than one year had passed since petitioner's conviction became final, his habeas corpus claims may be procedurally defaulted in the State of Washington; and if he attempted to present them in a state court challenge, his claims may be dismissed on procedural grounds. Dkt. 7. He was further advised that his claims may also be barred by the one-year federal statute of limitations. *Id.* Petitioner was given an opportunity to show cause why his petition should not be dismissed on these grounds as well. *Id.*

In his response to the Court's Order to Show Cause, petitioner makes no mention of having filed any post-conviction motions or direct appeals of his conviction, which he also denied in his original petition. However, based on the Court's own review of the available state court record, it appears that petitioner did, in fact, file a post-conviction motion in the state trial court, and that he subsequently appealed the denial of that motion *after* filing his petition in this case. It also appears that petitioner's appeal

---

by information. *Gaines v. Washington,* 277 U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793 (1928); *Jeffries v. Blodgett*, 5 F.3d 1180, 1188 (9th Cir. 1993); *and see Domingo*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit). However, the Court need not reach the merits of petitioner's claims as it is clear from the face of the petition that he has failed to exhaust his state court remedies.

1  may be pending.[7] This post-conviction motion and appeal could potentially affect the

2  issues of whether or not petitioner is procedurally barred in state court or is barred by

3  the federal statute of limitations from bringing his habeas petition.

4        It is unclear to the Court why petitioner failed to include this information in his

5  petition or to raise this issue himself in response to the Court's Order to Show Cause.

6  However, in light of this information, the Court recommends that the petition be

7  dismissed without prejudice as unexhausted to allow petitioner to pursue this appeal

8  and exhaust any remedies he may have remaining in state court.

9  **C.    Request for "Bill of Indictment"**

10        In his response to the Court's Order to Show Cause petitioner also requests that

11  the respondent be directed to provide the "Bill of Indictment by Grand Jury." Dkt. 8, at

12  17. This request relates to petitioner's substantive claims but is not relevant to the issue

13  of whether or not petitioner exhausted his state court remedies. In light of the Court's

14  recommendation that the petition be dismissed without prejudice as unexhausted, the

15  Court recommends that petitioner's request be denied as moot.

16  CONCLUSION

17        For the foregoing reasons, this Court recommends that petitioner's federal

18  habeas petition (Dkt. 6), and this action, be **DISMISSED without prejudice as**

---

[7] The Court takes judicial notice of *State v. Maynard*, Cowlitz County Superior Court Case No. 15-1-01379-1 available at https://odysseyportal.courts.wa.gov (last visited May 5, 2020). The Court also takes judicial notice of Washington Court of Appeals, Division II Case No. 541823, available at https://dw.courts.wa.gov (last visited May 5, 2020). *See* Fed. R. Evid. 201(b) (The Court "may judicially notice a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (Courts may take judicial notice of "court filings and other matters of public record" under Fed.R.Evid. 201(b)).

**unexhausted.** Petitioner's request for the "Bill of Indictment" (Dkt. 8) should be **DENIED** as moot.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter.  This Court therefore **recommends that a certificate of appealability be DENIED.**

## DEADLINE FOR OBJECTIONS

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **June 5, 2020**, as noted in the caption.

Dated this 6th day of May, 2020.

Theresa L. Fricke
United States Magistrate Judge